# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2020

Lyle W. Cayce
Clerk

No. 20-10246
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Christina Elizabeth Pandey,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-38-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Appealing the judgment on revocation of supervised release, Christian Elizabeth Pandey argues, for the first time on appeal, that the district court erred by applying 18 U.S.C. § 3583(g), which mandates revocation of supervised release where a defendant violates the conditions of supervised

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 20-10246

release by unlawfully possessing a controlled substance.  Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Pandey contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the right to a jury trial.  Pandey concedes that her argument is foreclosed under existing circuit precedent but raises the issue to preserve it for further possible review.

The Government has filed an unopposed motion for summary affirmance, asserting that the only issue on appeal is foreclosed by the decision in *United States v. Badgett*, 957 F.3d 536 (5th Cir. 2020).  In the alternative, the Government moves for an extension of time to file its brief.

The Supreme Court held in *Haymond* that revocation of supervised release and imposition of a mandatory minimum sentence pursuant to 18 U.S.C. § 3583(k), based on judge-made findings by a preponderance of the evidence, violated due process and the right to a trial by jury.  *Haymond*, 139 S. Ct. at 2378-83.  However, the *Haymond* plurality emphasized that its decision was limited to § 3583(k).  *Haymond*, 139 S. Ct. at 2382-84 & n.7.  In *Badgett*, we held that because *Haymond* had not been extended to § 3583(g) revocations, the district court did not plainly err in applying the statute.  *See Badgett*, 957 F.3d at 540-41.

Because the only issue on appeal is foreclosed, *see id.,* summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.